**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CLAYTON SIMMMONS, )<br>　)<br>　　　　Petitioner, )<br>　vs. ) 　　1:08-cv-867-DFH-WTL<br>　)<br>SUPERINTENDENT, Reception Diagnostic )<br>　Center, )<br>　)<br>　　　　Respondent.¹ ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

　　This cause is before the court on the petition of Clayton Simmons for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). Simmons' request to proceed *in forma pauperis*, which is part of his habeas petition, is **granted.**

　　"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

---

　　¹The petitioner's custodian, named in his official capacity only, is **substituted** as the sole and proper respondent in this action.

Simmons is confined at an Indiana prison. In a proceeding identified as RDC 08-02-0042, Simmons was charged with and found guilty of violating prison rules by committing escape. This determination was made on March 7, 2008, following which Simmons was sanctioned. He now seeks a writ of habeas corpus based on his contention that the proceeding was tainted with error. His specific contention is that his "due process rights . . . was [sic] violated when the Conduct Adjustment Board did not proceed with his hearing per the guidelines of the Indiana Department of Corrections (7) day period . . . which governs . . . all disciplinary and [sic] procedures." Simmons alleges in his habeas petition that his infraction (failing to return to a work release center) occurred on September 4, 2007, and that he was returned to DOC custody on December 22, 2007, yet the charge of escape was not issued until February 28, 2008. The hearing occurred on March 7, 2008.

A federal court may issue a writ of habeas corpus pursuant to § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* See *Conner v. McBride,* 375F.3d643, 649 (7th Cir. 2004).

Simmons' claim does not, in fact, support the relief he seeks. His claim is that authorities violated prison regulations and policies in the disciplinary proceeding he challenges here. The premise of this theme, wholly apart from the nuances presented here, has been soundly rejected. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Federal habeas corpus relief does not lie for errors of state law" because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The mere violation of a prison policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995). He claims to rely on *Wolff v. McDonnell,* 418 U.S. 539 (1974), but this seminal case in the context of prisoners' procedural due process rights established the minimum time between notice and hearing, not a maximum time within which a charge of misconduct must be filed after the incident on which the charge of misconduct is based. Whether delay in a prison disciplinary hearing violates due process is a function of whether the delay in some way prejudiced the prisoner's ability to present his case. *United States ex rel. Houston v. Warden,* 635 F.2d 656, 658-59 (7th Cir. 1980), *cert. denied,* 454 U.S. 843 (1981). No prejudice has been alleged by Simmons, and the "delay" was exceedingly brief.

Because the petition shows on its face that the petitioner is not entitled to the relief he seeks, the petition is summarily dismissed pursuant to Rule 4. Judgment consistent with this Entry shall now issue.

So ordered.

Date: 7/1/2008

DAVID F. HAMILTON, Chief Judge
United States District Court